UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JARED G.,

                                        Civil No. 21-1834 (JRT/JFD)

          Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

                                ORDER ADOPTING REPORT AND
                                    RECOMMENDATION

          Defendant.

---

Edward C. Olson, **DISABILITY ATTORNEYS OF MINNESOTA**, 331 Second Avenue South, Suite 890, Minneapolis, MN 55401, for plaintiff.

Kizuwanda Curtis, **SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite 350, Dallas, TX 75202, for defendant.

Plaintiff Jared G. initiated this action challenging the decision of the Commissioner of Social Security (the "Commissioner") to deny his application for disability benefits. The parties filed cross-motions for summary judgment. This matter is before the Court on Plaintiff's objections to Magistrate Judge John Docherty's June 2, 2022 Report and Recommendation ("R&R") recommending that the Court grant the Commissioner's motion for summary judgment and deny Jared G. 's motion. Because, after de novo review, the Court agrees that the Administrative Law Judge's (the "ALJ") decision was supported by substantial evidence, the Court will overrule Jared G.'s objections and adopt the R&R.

**BACKGROUND**

The facts and procedural history of this case are described in detail in the R&R. Because Jared G. does not specifically object to the statement of facts and procedural history in the R&R, the Court only briefly summarizes the background relevant to his objections.

**I.   FACTS**

While working as a part-time janitor, Jared G. reported decreased strength as well as dimmed and blurred vision "when he moves and gets warm." (Administrative Record ("AR") at 419, 422, Nov. 23, 2021, Docket No. 9.)[1] Jared G.'s other subjective symptoms included difficulty with multitasking and word finding, worsening balance, low back pain, and left-hand numbness. (*Id*. at 423–24.) Despite these symptoms, Jared G. also reported "minimal fatigue," daily exercise, and the ability "to perform strenuous tasks." (*Id*. at 422–23.)

Dr. Jonathan Calkwood, MD diagnosed Jared G. with multiple sclerosis, neurogenic bladder, visual field defect, and optic neuropathy. (*Id.* at 420.) Dr. Calkwood found that Jared G.'s "pattern of vision loss is consistent with worsening demyelinating disease," and noted "[s]low worsening of [symptoms] without resolution" and "damage in temporal portion of optic nerve." (*Id.* at 421–22.)

---

[1] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record rather than the CM/ECF pagination.

An MRI in May 2018 showed no new or enhancing lesions since an MRI in July 2017 (*Id.* at 420–21), but an MRI in September 2018 showed one new, non-enhancing lesion. (*Id.* at 421.) A progress note from Dr. Gary Beaver, MD on January 6, 2020 described that Jared G.'s MRIs were still stable and that Jared G. felt stable overall. (*Id.* at 461.) Upon examination, Jared G. had intact memory, language function and full strength in all extremities. (*Id.* at 462.)

Jared G. saw Dr. Beaver next on June 5, 2020 and stated that he was relatively stable but experienced some double vision and cognition difficulties. (*Id.* at 524.) Dr. Beaver noted that Jared G. sometimes lost his train of thought and referred him for a neuropsychology consultation for cognitive impairment. (*Id.* at 524-26).

On June 5, 2020, Dr. Beaver wrote the following letter for Jared G.:

> [Jared G.] is a 28-year-old male who I follow for the diagnosis of relapsing-remitting multiple sclerosis. First symptoms began in 2013 when he was noted to have some visual symptoms and then in 2015 starting having some episodes of double vision. In 2017 playing softball, running, left leg would not lift up and he tripped and fell. An MRI which revealed multiple white matter lesions within the subcortical white matter brainstem. The patient had an abnormal lumbar puncture which was consistent with diagnosis. The patient was also subsequently seen by Dr. Jonathan Calkwood at the Schapiro MS Center and the patient was placed on Ocrelizumab, which he has been on ever since, and has had good response. The patient continues to struggle with issues with urinary urgency, frequency. Has significant issues with fatigue. Noticing more issues with cognition. He states he is forgetful if he loses his train of thought frequently. In addition, he also has noted difficulty with multitasking and sustained attention. He is having lots of issues with increasing anxiety and irritability as well. Also suffers from significant fatigue. Due to the issues outlined above, it is my medical opinion the patient would not be able to maintain sustained gainful employment.

(*Id.* at 488.)

## II. PROCEDURAL HISTORY

Jared G. initially applied for disability benefits due to primary progressive multiple sclerosis and low vision on February 11, 2019. (*Id.* at 278, 284–85.) Jared G. first alleged that his disability onset date was August 12, 2017, but later amended his onset date to January 23, 2019. (*Id*. at 53, 284–85.)

Jared G.'s application was denied on initial review and reconsideration and, at Jared G.'s request, an ALJ held a hearing on his application on November 18, 2020. (*Id*. at 48.) After the hearing, Jared G.'s application was denied again by the ALJ. (*Id*. at 26.) As relevant here, the ALJ found that Jared G.'s statements concerning the intensity, persistence, and limiting effects of his symptoms were not wholly consistent with the medical evidence and other relevant evidence of record because the MRI imaging results showed Jared G.'s multiple sclerosis was stabilized. (*Id*. at 22.) The ALJ also considered the persuasiveness of the medical opinion evidence, (*id*. at 22–23), and declined to "provide articulation about the evidence that is inherently neither valuable nor persuasive," including Dr. Beaver's June 5, 2020 letter, because it was a "statement[] addressing issues reserved to the Commissioner." (*See id*. at 20.) The Appeals Council later declined Jared G.'s request to review the ALJ's determination. (*Id.* at 1.)

Jared G. thereafter sought judicial review of the final determination denying his application and initiated this action. (Compl., Aug. 12, 2021, Docket No. 1.) The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that

Jared G.'s motion be denied and the Commissioner's granted. (R&R at 15; Pl.'s Mot. Summ. J., Feb. 25, 2022, Docket No. 16; Def.'s Mot. Summ. J., Apr. 11, 2022, Docket No. 18.) Jared G. objects to the Magistrate Judge's conclusion, arguing that the ALJ failed to properly evaluate Dr. Beaver's letter and Jared G.'s subjective allegations. (Objs. at 1–4, June 15, 2022, Docket No. 22.)

## DISCUSSION

### I.  STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015)."

## II.  PLAINTIFF'S OBJECTIONS

### A.  Dr. Beaver's letter

Jared G. argues that the ALJ failed to properly evaluate the opinion evidence of Dr. Beaver and that the Magistrate Judge erred in finding that Dr. Beaver's letter was not a medical opinion.  (Objs. at 1–3.)

Jared G. concedes that that 20 C.F.R. § 404.1520c(c), 20 C.F.R. § 404.1513(a)(2), and 20 C.F.R. § 404.1520b(c) controls the Court's analysis on this issue.  (*Id.* at 1-2.)  Title 20 C.F.R. § 404.1513(a)(2) states that "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in performing work activities.  Similarly, 20 C.F.R. § 404.1520c(c) requires the ALJ to determine the persuasiveness of a "medical opinion" while 20 C.F.R. § 404.1520b(c) provides that an ALJ need not consider or provide analysis on a medical source's statements on matters reserved to the Commissioner, such as that a claimant is disabled or not able to work, because such evidence is "inherently neither valuable nor persuasive."  20 C.F.R. § 404.1520b(c)(3)(i).

Here, Dr. Beaver's opinion that "[Jared G.] would not be able to maintain sustained gainful employment" undisputedly relates to Jared G.'s ability to work and is an issue reserved to the Commissioner under § 404.1520b(c).  Irrespective of this, Jared G. contends that the ALJ should have provided an explanation for dismissing Dr. Beaver's opinions because Dr. Beaver opines that Jared G.'s **symptoms** would cause him to be

-6-

unable to maintain sustained gainful employment. For the same reason, Jared G. also argues that the Magistrate Judge erred in finding that Dr. Beaver's letter is not a medical opinion.

However, simply opining on Jared G.'s symptoms does not make Dr. Beaver's letter a medical opinion warranting consideration. "[S]tatements that a claimant could not be gainfully employed 'are not medical opinions but opinions on the application of the statute, a task assigned solely to the discretion of the Secretary.'" *Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (quoting *Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991)). Instead, the central component of a medical opinion under the new regulations is what a claimant can do. See Revisions to Rule Regarding the Evaluation of Medical Evidence, 2016 WL4764999, 81 Fed. Reg. 62560-01 at *6 (Sept. 9, 2016) ("A more appropriate focus of medical opinions would be perspectives from medical sources about claimants' functional abilities and limitations" rather than claimants' "[d]iagnoses and prognoses" – which "do not describe how an individual functions."). Dr. Beaver's letter simply summarizes many of Jared G.'s reported symptoms and does not otherwise describe Jared G.'s limitations or restrictions attributable to his impairments. Dr. Beaver's overall conclusion is simply that Jared G. would have a hard time sustaining employment, and that determination is an issue reserved to the Commissioner.

Accordingly, the Court finds that the ALJ did not err in not discussing the opinions in Dr. Beaver's letter and overrules Jared G.'s objection.

### B. Plaintiff's subjective allegations

Jared G.'s last objection claims that the ALJ erred in evaluating the intensity, persistence, and limiting effects of his symptoms. Specially, while the ALJ addressed imaging results from February 2020 that "showed no evidence of any active disease," Jared G. argues the ALJ did not address information in that same progress note indicating he "is doing pretty much about the same," and that he "is having more issues with cognition difficulties, losing his train of thought, difficulty with speed of information processing, difficulty with multitasking." (Objs. at 3.) Jared G. also takes issue with the ALJ references to Jared G.'s multiple sclerosis being stabilized with medication. (*Id*.)

An ALJ need not discuss every medical record, and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Here, although the ALJ did not directly reference the information in Dr. Beaver's progress note, the ALJ referenced the note in other portions of the decision. (AR. at 21–23). These references included the progress note's report that Jared G. had been experiencing increased anxiety and Dr. Beaver's impression that Jared G. was experiencing reactive depression with anxiety. (*Id*. at 23, 524.) Notably, the progress note's recounting of Jared G.'s statements concerning anxiety is the very next sentence following the account of his cognitive issues, and the ALJ would have had to have read and considered the progress note's information about Jared G.'s cognition. (*Id.* at 524 ("The patient states that he is having more issues with cognition difficulties, losing

-8-

his train of thought, difficulty with speed of information processing, difficulty with multitasking. He is also having some increasing anxiety and frustration, some irritability which he states is not like him.").)  In addition, the ALJ summarized evidence, such as mental status examinations and participation in daily activities requiring concentration, contradicting Dr. Beaver's remark about Jared G. losing his train of thought. (AR. at 23.)

As to the ALJ's determination that Jared G.'s s multiple sclerosis was stable, the ALJ explicitly considered Jared G.'s symptoms and statements, statements by various experts, as well as Jared G.'s activities of daily living and concluded that the evidence was inconsistent with Jared G.'s account of the intensity, persistence, and limiting effects of his symptoms. (AR. at 20–24.)

Accordingly, the Court will overrule Jared G.'s objection because the ALJ considered the information in Dr. Beaver's progress note and their conclusion that Jared G.'s multiple sclerosis was stable was supported by substantial evidence.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 22] are **OVERRULED**;

2. The Magistrate Judge's June 2, 2022 Report and Recommendation [Docket No. 21] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket. No. 16] is **DENIED**; and

4. Defendant's Motion for Summary Judgment [Docket. No. 18] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 23, 2022
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                     United States District Judge